This is our third case this morning. It's 19-2213 Kraft v. White and for the appellant, Ms. Gampert. Good morning, Your Honors. I'm Renee Gampert on behalf of defendant appellant Detective Ahmaud White. May it please the court. This case concerns the adequacy of an affidavit Detective White authored in order to get a warrant to arrest Mr. Kraft for disorderly conduct and felony aggravated battery. There is a well-established procedure for analyzing challenges to arrest pursuant to a warrant. The procedure is simple. Remove false material that was included knowingly or with reckless disregard for the truth, add any material facts that were omitted knowingly or with reckless disregard for the truth, and then determine whether this cured affidavit, so to speak, provided a substantial basis to conclude there was probable cause for the arrest. The district court erred in failing to apply this straightforward procedure from the start. Before conducting anything like this inquiry, the district court concluded that the lone fact that Detective White did not track down and view Mr. Kraft's video invalidates his arrest full stop, regardless of the facts that are shown on the video. And by doing that, the district court determined that there was clearly established law. Yes, Your Honor. The court correct in that conclusion? No, Your Honor. We say that they were not. The court, from one footnote in Baptiste v. J.C. Penney, the district court extracted the allegedly clearly established rule that it is unreasonable to ignore a known available video of an alleged crime before determining probable cause exists for an arrest, at least in non-emergency situations where there is only one known video. This rule, said the court, overrides the general rule that omissions only support a Fourth Amendment claim if they vitiate probable cause. We urge this court to hold that Baptiste established no such rule as that announced by the district court, and that even if it did, the rule was not clearly established. And I think maybe more to your question, Judge Briscoe, the reason why it's not clearly established, even if it did announce a that in this case, is because there are many factual... Well, first off, Baptiste involved a warrantless detention. This very court has questioned whether a claim based on an allegedly unreasonable investigation even extends to the situation where the judge makes the probable cause determination to issue a warrant. There's a reason the procedure set forth in Franks v. Delaware and its progeny is unique to arrests by a warrant. It's because the Fourth Amendment is a common preference for police action taken under a warrant, and we want rules that encourage officers to get warrants where possible, just like Detective White did in this case. Beyond the warrant, there are other major factual differences. There, the video was obviously readily available to the officers, and indeed, they watched it for themselves. Did Officer White know of the video? I can't... I'm sorry, Your Honor, I don't know right now what if he knew for sure, but I think you can reasonably infer he should have known of it. And did he ever contact Mr. Kraft prior to, you know, get his side of the story? No, Your Honor. He read the initial responding officer's reports, which had his side of the story, which was that, you know, she pushed him first and he was just defending himself. And part of the problem was that the original responding officers didn't get an address for Mr. Kraft, so Detective White had no way of finding him. Now, it's true that there was a phone number and Detective White could have tried that, but the issue in this case is not what Detective White could have done. The issue is what did the Constitution require of him? Well, do you think the Baptiste framework was readily available to the officer? No, I don't think that that conclusion can be drawn just based off of Baptiste alone. I mean, there, the initial responding officers were also the defendant officers. They were shown the video and they didn't view it. I'm sorry, so the initial investigating officer, he did not look at the video either? No, Your Honor, none of the responding officers viewed the video either or attempted to get it. Did the video capture the alleged assault that took place? I think that's up for debate. The video shows Mrs. Stone waving her lighter at Mr. Kraft and it strikes his Bible and knocks it back up into his face, and at that point he wasn't very clear, and I agree with that, but I think it's clear from the video that he did push her down. Is she seen in the video being pushed? She's not seen, but there's many witnesses immediately after saying, you pushed me, you know, and saying, why did you push her like that? We're talking about what's on the video. The video doesn't. I don't think the video does show a clear picture of him pushing her down. Or that she's on the ground? Is that on the video? No. No, because the video was pointed at Mr. Kraft. Well, do you think it's exculpatory at least to some extent? I mean, he was charged with a third-degree felony here. Don't you think the video would cast somewhat into doubt the level of charges that should have been brought here, since the video does clearly show that she pushed the Bible into his face? Well, your honor, I have to push back on that just a little. I don't know that the video shows that she, you know, intentionally struck him, and I think there's a lot of room from the video to question whether the use of force he applied was proportional, even from the video itself. And in comments he makes after the push that if any woman touches him, you know, they will feel the pain of his God, goes to show his intent to put her in her place, so to speak. Well, you know, it really, it's kind of like, you know, you'd hope our police would review all available evidence, whether inculpatory or exculpatory, before they take charges to a magistrate. And, you know, Baptiste is really about what's kind of a bottom line, fundamental, you know, fair and reasonable investigation. That is, there is, that is Baptiste, but again, as I say, even if Baptiste did require Detective White to view the video, the violation was not clearly established. For one, because as I mentioned, this court has questioned whether an unreasonable investigation claim can even be brought when there was a warrant. For two, the many factual differences. And another case I want to point out is this court's decision in Bailey versus Twomey, which was a 2019 case. There, the court said that Baptiste indicated only that an officer may not ignore a video in determining whether to arrest a suspect if that videotape, A, conclusively shows the suspect committed no crime. I mean, under that formulation of Baptiste's rule, Detective White would not be required to view the video, because even the district court agreed it didn't conclusively prove Mr. Kraft's innocence. Well, isn't the point in Baptiste that they proceeded to charge this woman with the theft of a ring in JCPenney's, taking the word of a security guard, over a video that clearly showed she did not take the ring, and that they had viewed that video? Yes, that's exactly right, Your Honor. There was nothing in the video. It's not a question of what they could have done to make a better investigation. In Baptiste, they knew. They had the video. They saw what happened, but yet they proceeded. Exactly, right. And what they saw, even on the video itself, didn't give rise to a reasonable suspicion of shoplifting, and yet, and then she told them. She gave them her innocent explanation. She produced her receipts, and the officers still kept her detained while they searched her shopping bags, her purse, her pockets, her person. So, yeah, I think that is an important distinction between Baptiste in this I think I want to say about the clearly established aspect of Baptiste is that the Supreme Court has repeatedly told courts that we cannot define clearly established law too generally, especially in the Fourth Amendment context, and especially when probable cause is an issue. In the 2018 case of Wes Beaver, the District of Columbia, the Supreme Court again stressed the need to where the officer was acting under similar circumstances and held to violate the Fourth Amendment. A single decision is usually not enough, and even if the court was right that Baptiste required looking at the video, there is no way that this footnote in a single, in this single decision with major factual differences, and which subsequent decisions by this court have interpreted differently, would have been clearly established to Detective White or any other reasonable officer. As far as the affidavits itself and the sufficiency, what the court should have done is taken that affidavit, thrown out any alleged falsehoods, and there were none found by the court, although there were some alleged, add any facts that were left out knowingly and with the cured affidavit still provides probable cause. So one could, as the district court found and as we've been discussing, find facts from the video that weren't in the Warren affidavit and that it would have been better if they were, but one can't reasonably conclude that Detective White knowingly or recklessly omitted these facts. It's undisputed that he did not view the video and didn't know what was on it. The most even the district court said in this regard was that there was a triable issue over whether Detective White conducted a reasonable investigation, but in the context of Warren affidavits, it's clearly established you have to show that the officer acted knowingly or with reckless disregard from the truth. What do we do with the issue about charging one charge that's supported by probable cause and including another charge that isn't? Can we look at these things charge by charge under the Fourth Amendment? We cited to this court's decision in United States, Turner, for the proposition that no, well that as long as there's probable cause for one of the crimes charged or then it's that since there was probable cause for the disorderly conduct, wasn't that a false arrest case? Yes it was and I have to admit conceitedly it didn't involve a false arrest. The district court pointed to this court's decision, the unpublished decision, in Miller v. Speer and found that it clearly established that an officer cannot avoid liability for charging a felony without probable cause just by including lesser offenses for which there was probable cause. But first of all, we think the holding in Miller was much more limited. There was a lot of confusion in that case about what exactly the plaintiff's charges were, and this court assumed without deciding that the Constitution, like the common law, would allow Miller to challenge his prosecutions on a charge by charge basis. But even assuming Miller does stand for the rule that the district court gave it, there is no way this rule is clearly established. I mean for one thing, this court's published decision in Novitski v. The City of Aurora contradicts Miller and suggests that a malicious prosecution claim can only be maintained when there was no probable cause to support the prosecution at all. And the circuit courts are split on this issue as well, so these are the very reasons that led this court in Vandewey v. Chambers to determine the plaintiff had not cleared the clearly established hurdle. We haven't found any authority that has addressed this precise issue since, and it doesn't appear to us that the law is any more settled now than it was in 2014. I see that I have just a minute and a half, Your Honors. If you don't have any other questions, I think I'll reserve that for rebuttal. Thank you, counsel. Let's hear from Mr. White. You may proceed when you're ready. May it please the court and counsel, the question that's presented by Mr. Kraft's lawsuit here, Your Honors, is really, does the truth matter? Because if it does, then there was no need of Officer White rushing to execute or have issued a warrant for his arrest on either of the charges that he ended up spending 19 days in jail for. Judge Prudenthal's decision was that a reasonable jury could find that his failure to go and look at the video that he knew, as counsel suggested, should have known existed. It was referenced in the audio tape of Officer Ellis, who came to the scene initially. It was referenced in his report. It was made known to him by the witnesses who were there and were saying things like, he's here every week, he's always filming himself. And the trial court's decision was that this showed a clear constitutional violation based on even a cursory reading of the facts that the trial court found in its memorandum of opinion and order that this court is empowered to review her opinion and determine those facts that she has decided. The trial court did determine that questions of fact exist at least upon which a reasonable jury could find that there was a constitutional violation based on clearly... Well, are you saying there are issues of material fact here? Because if there are, we don't have jurisdiction. That's correct, Your Honor. And did you move to dismiss the appeal? We have not, Your Honor, but we did point out in our response brief that this court's jurisdiction is limited to reviewing the legal issues and not the facts that were determined by the trial court. And well, to that point, if we are here on a qualified immunity appeal, don't we have to address the legal question of whether there's clearly established law? I'm sorry, Your Honor, could you repeat that? We have to address clearly established law, that is, to determine whether or not this defendant can uphold and survive this lawsuit by alleging qualified immunity. I mean, that's what's before us, is qualified immunity. Yes, Your Honor. And that's clearly shown, that clearly established law is clearly shown in addition to the constitutional violation by the Baptiste court. The defendant's persistence in alleging that this law is not clearly established is completely controverted at page 1259 of the Baptiste opinion, where the court states, this court states that the unequivocal message is that police officers may not ignore easily accessible evidence and thereby delegate their duty to investigate and make an independent probable cause determination based on that investigation. That comes from Romero, from this court, it comes from the Clipper case from the Fourth Circuit that is cited in the Baptiste case, and it comes  from the Clipper case. Well, if you're going to go back to Romero and also the citing of Baptiste, both of those cases dealt with warrantless arrests, is that not true? It is true. And that's not what we have here, right? It is. It is insofar, Your Honor, as this warrant should never have been issued. There was no probable cause for either of these charges. So it puts us into the same. How do you square Baptiste, though, with the Franks framework that we use in analyzing defective warrants? Because in this case, Your Honor, if you were to dissect that affidavit, the trial court found at least 16 either false statements or material omissions that are absolutely controverted by the video. So in this instance, the trial court found, in answer to one of the earlier questions that the panel posed, that that video was readily available. This transpired, this whole process took seven days from the very first the day after this incident on April 19th. Officer White took six more days to finally go and decide, based on hearsay evidence, that my client should be charged with this felony charge. Prior to that, anyone's determination of this was either there was no probable cause, as Officer Ellis found at the scene, to arrest anyone, or even after interviewing Mr. and Mrs. Stone and Mr. López, Officer White still didn't move to- Were those relevant? In other words, the existence of probable cause is an objective inquiry. So does it matter whether Officer Ellis thought that there was probable cause, or even for Detective White, after the original interviews, whether or not he thought that there was probable cause? Are those irrelevant for us, since we're undertaking an objective, not subjective inquiry? I wouldn't say that it is irrelevant, Your Honor. I would say it is not determinative that Officer Ellis did not believe there was probable cause to arrest. But that really goes hand-in-hand with the issue that the Officer White can't rely solely on these witnesses' allegations, all of which are shown, the vast majority of which are shown to be false, behind the video. Right. And so you had earlier pointed out that if one views the video, that there were 16 false or omitted facts. Which of those bear on whether he used unreasonable force or had a valid self-defense defense to this felony charge? Well, Your Honor, on the video, it does not show my client pushing Mrs. Stone. How do you overcome that? I'm sorry? It doesn't show him pushing it, pushing Mrs. Stone, and it doesn't show her on the ground, as Judge Briscoe's questioning earlier showed. So if we are saying that—and the Posting Council admits that Detective White should have gone and looked at the video. I don't—if the inquiry were whether or not he was, you know, negligent, you know, I think it would be a directed verdict that, of course, he should have gotten that video. The question now is, under Frank's, with the benefit of that video and giving you the benefit of the doubt on the Batiste footnote, what in that video would have vitiated probable cause to believe that he had committed this felony? Because he, you know, there's testimony that he pushed her, that she suffered a concussion, and nothing on the video vitiates that. Actually, it does, Your Honor. And the trial court found that the probable cause for the felony charge was vitiated by a number of facts that are shown by the video. First, the only evidence of my client pushing Ms. Stone is that he said that, she pushed me, and then I pushed her. She lost her balance and fell. That's the record in this case. The video shows her immediately up and around again, yelling at him again, cursing him again, still smoking her cigarette, which the force involved in this push, if you want to—it at least raises a material fact issue on whether there's probable cause to support the forcefulness of that push, simply because he said, she pushed me. Well, there were eyewitnesses that were interviewed also. Right. And there were others who said, yes, that he pushed her, but misstated that he did not touch her first. Why does that matter? Again, I watched the video a number of times. I don't think there's any question that that's right. But why does that matter? You know, we're not talking about whether he was guilty beyond a reasonable doubt. We're talking about whether he was—whether there was probable cause that he used unreasonable force. And I'm not really arguing that self-defense issue, Your Honor. But to answer your previous question, the video shows her walking around, yelling, no visible injuries. These are all issues that—facts that the trial court found in reviewing the video. She declines an ambulance and walking around smoking her cigarette still and cursing at my client. That's undisputed. And that is at least enough to raise a question of material fact. How can there be a question of material fact on a purely legal inquiry? In other words, you can have a material fact on whether he pushed her or whether he used self-defense. But I don't understand how there could be a question of material fact on the existence of a purely legal inquiry. In other words, you present an affidavit to a magistrate judge and the magistrate judge says there's either probable cause or there's not. I don't know. I just don't understand intellectually how there could be a genuine dispute of material fact on whether or not there is adequate probable cause for the magistrate judge to issue a warrant. I just don't understand that. Do you understand my question? I believe that what the trial court was relying on, Your Honor, is simply that if Officer White had called my client, which he did not, although he did have his telephone number, if he had taken the time because there was no exigency here to rush and find a reason to arrest him, the court came down that from the management at Hobbs Police Department, we need to find a reason to arrest him. This is a case not unlike the Marescas case that this court decided, where the officer pulled the family over on the side of the road, had them all prone on the side of the road, and believed because she had mistyped the license plate number of their pickup truck into the system to determine whether this was a stolen vehicle or not. The court there saw that as a situation where had she only reviewed the readily available evidence, had she gotten back in her car and looked at what the dispatch could have sent her as far as verification that this family's pickup was not a stolen vehicle, it's the that video, he would have realized that there was no need to charge this felony. And everyone in the record agrees, it's not disputed that this would not have resulted in an arrest had it only been a misdemeanor. Officer White's first determination was that it was only a misdemeanor and did not go seek the arrest warrant on that basis until later when Mr. Stone called and through hearsay and double hearsay claimed that Mrs. Stone had suffered a more serious injury than they had described when Officer White first went to their home and interviewed them about what had allegedly happened. Can hearsay or double hearsay be considered for determining probable cause? I'm sorry, Your Honor? Can a judge legally consider hearsay or double hearsay to determine probable cause? I believe the law is that they can, Your Honor, but this court in a recent case, Bigford case, found that that kind of hearsay evidence supporting probable cause was insufficient to support probable cause in a situation where a man was arrested for unlawful use of a computer and distribution of conspiracy to distribute marijuana. The only evidence in the affidavit seeking the warrant against him was that a hearsay conversation between two other parties that suggested he might have used a marijuana product. And the court there in Bigford decided that was not sufficient to find probable cause for his arrest. Mr. Wright, the constitutional violation here is a failure to conduct a reasonable investigation. It really has almost nothing to do with the warrant or the complaint, right? It is, Your Honor, and that violation is in both Baptiste and it's clearly established in Baptiste. As I said, it's not relegated to a footnote. It is at page 1259. And I read the passage to the court a few months ago. And the importance of that is that that also should have given Officer White the or made Officer White go and get that readily available video. Everyone knew it existed. And the only thing that remained for his investigation to even approach reasonable was for him to review it. Perhaps he would have reviewed it and determined he still needed to arrest Mr. How about this? What if the officer had put in the complaint? I'm aware that there's a video that potentially has filmed the entire incident, but I have not reviewed it. Would that have saved the the the affidavit or the arrest complaint here? In other words, he told the magistrate judge that there was a video, but he hadn't reviewed it. Does that change the outcome? Well, the magistrate who issued this warrant on viewing the video characterized it as misrepresenting the facts to him to determine probable cause. Well, that's not my question. OK. I'm sorry. Your question is, if if the video was disclosed to the magistrate judge without its contents, does that matter for purposes of the application of Baptiste? I think that it would have been incumbent upon the magistrate to ask him to go and get that video and to review it, because otherwise he's in violation of the constitutional mandate that set out in Baptiste that this officer must to be found to have conducted a reasonable investigation. Investigate readily available evidence, exculpatory or inculpatory, that's what the case All right, counsel. Thank you. Your time's expired. The officer, you have some rebuttal time, Ms. Kanford. Yes, thank you, your honors. First, I want to address the issue about about the disputes of fact that the district court did find. It is true. The district court found disputes of fact, but the conclusion that these disputes were material was based mostly on Baptiste, which, again, we contend does not apply. And even if it does, it doesn't it wasn't clearly established that Officer White's failure to view the video in this case violated the Constitution. Nothing in the video vitiates probable cause, certainly not for the for the misdemeanor battery charge. And now counsel said it was undisputed that Detective White wouldn't have sought the That's the case at all. He had already started the more process before he and the district attorney conferred and decided to pursue that felony charge. And then just lastly, as if there is if any of if there is a violation based on Baptiste, then the violation was not clearly established. I mean, there is when we're talking about an unreasonable investigation, there's a wealth of authority that says that officers don't have to investigate every claim of innocence that once probable cause is established, they don't have to look for it. Exculpatory facts that they're entitled to rely on witnesses that seem reasonably seem are telling the truth, et cetera, et cetera. Thank you. Thank you, counsel. Your rebuttal time's expired. We appreciate the arguments. You are excused and the case shall be submitted.